UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

              Plaintiff,

v.

RAMON ALVARADO,

              Defendant.

Case No. 13-CR-60-JPS

ORDER

      This case requires the court to address what might be best characterized as a metaphysical question: did a spoken threat attributed to the defendant and indisputably vocalized in another district, occur in this district for purposes of establishing venue for the defendant's criminal trial?

1.    Background

      The defendant in this case, Ramon Alvarado ("Alvarado"), has an established history of becoming involved in criminal conduct within this district. For purposes of his current case, it is sufficient to briefly summarize this history as: Alvarado was imprisoned, whereafter he was placed on supervised release, and then he violated the conditions of his supervised release. Alvarado's supervising United States Probation Officer, hereinafter referred to by the initials J.H., testified against Alvarado at his contested revocation hearing, which resulted in revocation and a sentence to serve 24 months of imprisonment. In early 2013, Alvarado was serving this sentence at the Bureau of Prisons' Federal Transfer Center in Oklahoma City, Oklahoma ("FTC Oklahoma"). While at FTC Oklahoma, it is alleged that Alvarado threatened to kill J.H.; the threat was allegedly verbally communicated to a corrections officer at FTC Oklahoma.

On April 16, 2013, a grand jury sitting in this district returned a single-count indictment against Alvarado, charging that: "On or about March 26, 2013, in the State and Eastern District of Wisconsin and the Western District of Oklahoma," Alvarado "threatened to kill J.H., an employee of the United States Probation Office in the Eastern District of Wisconsin, with intent to retaliate against J.H. on account of the performance of her official job duties." (Docket #3). The indictment charges a violation of 18 U.S.C. § 115(a)(1)(B). Alvarado moved to dismiss the indictment for lack of venue, asserting that the Sixth Amendment to the Constitution protects a defendant's right to a trial "by an impartial jury of the State and district wherein the crime shall have been committed," and arguing that venue cannot lie in the Eastern District of Wisconsin because his alleged crime occurred exclusively in the Western District of Oklahoma. (Docket #19). Alvarado also filed a second motion to dismiss the indictment, stating an argument on First Amendment grounds. (Docket #20).

On July 3, 2013, United States Magistrate Judge Nancy Joseph issued recommendations (Dockets #37, #38) that this court deny both of Alvarado's motions to dismiss. Magistrate Joseph also issued two orders on pending non-dispositive motions. (Dockets #37, #38). Alvarado filed an objection to Magistrate Joseph's recommendations and orders. (Docket #42). The government filed a response to Alvarado's objection. (Docket #44). The matter is now fully briefed and ready for this court's ruling.

After careful consideration, the court concludes that venue in this district is improper. The court, therefore, grants defendant's motion to dismiss the indictment. (Docket #19). Alvarado's remaining motion to dismiss on First Amendment grounds (Docket #20) is denied as moot, along with his

objections to Magistrate Joseph's orders, without discussion of the merits. (Docket #42).

2.      Standard of Review

Alvarado's motion to dismiss the indictment for lack of venue is a dispositive matter. A district court reviewing a magistrate judge's recommendation on a dispositive matter must make a de novo determination on the matter. 28 U.S.C. § 636(b)(1)(C).

3.      Analysis

The Constitution of the United States provides that criminal trials shall be in the state where the crime was allegedly committed. U.S. Const. art III, § 2. The Sixth Amendment to the Constitution added the requirements that a criminal defendant be tried in the state and district where the crime was committed. The Seventh Circuit stressed the import of ensuring that criminal defendants are tried in districts with proper venue; it explained that constitutional venue provisions "are far more than a legal technicality." *United States v. Muhammad*, 502 F.3d 646, 651 (7th Cir. 2007). Additionally, Federal Rule of Criminal Procedure 18 states that prosecution shall be had in the district where the offense was committed, except as otherwise permitted by statute.

Alvarado is accused of violating 18 U.S.C. § 115(a)(1)(B). This criminal statute does not include a specific venue provision, so the court must determine propriety of venue following generally-applicable venue rules. The court considers two factors when assessing venue: (1) "the nature of the crime alleged"; and (2) "the location of the act or acts constituting it." *Muhammad*, 502 F.3d at 652. In its briefing on the motion, the government suggests that venue is proper in this district because the intended target and

effects of the crime may be found within the Eastern District of Wisconsin. Magistrate Joseph agreed, citing *United States v. Newsom*, 9 F.3d 337 (4th Cir. 1993), as persuasive authority.

In *Newsom*, the district court in the Southern District of West Virginia dismissed an indictment for lack of venue, and the Fourth Circuit reversed, reinstated the indictment, and remanded. *Newsom*, 9 F.3d at 337. The Fourth Circuit economically summarized the facts as follows:

> The indictment charged that Newsom, while imprisoned in the Federal Correctional Institution at Ashland, Kentucky, had threatened to murder in Charleston, West Virginia, Hunter P. Smith, Jr., an Assistant United States Attorney for the Southern District of West Virginia. The motivation for Newsom's animus towards Smith was the fact that Smith appeared on behalf of the United States in Newsom's prosecution on drug charges which resulted in his conviction and imprisonment in FCI Ashland. The indictment charged that Newsom's scheme to murder Smith was in retaliation for the performance of Smith's official duties as an Assistant U.S. Attorney, bringing the crime within the scope of 18 U.S.C. § 115(a)(1)(B).

*Id.* at 338. On these facts, the Fourth Circuit noted that "[e]ssential parts of the crime for which Newsom stands indicted can be proved only by showing their occurrence in West Virginia," presumably referring to the occurrence of the victim's work as an Assistant U.S. Attorney. *Id.* at 339. The court concluded that venue was proper in the Southern District of West Virginia because Newsom's crime "consists of distinct parts which have different localities," and "the whole may be tried where any part can be proved to have been done." *Id.* (*quoting United States v. Lombardo*, 241 U.S. 73, 77 (1916)).

This court takes a different view of the nature of the conduct prohibited in 18 U.S.C. § 115. Preliminarily, the logic the Fourth Circuit adopts from the *Lombardo* case is black-letter, and indeed is reflected in

federal statute, but, in this court's view, is inapplicable to Alvarado's conduct here. The general venue provision contained in 18 U.S.C. § 3237(a) does indeed provide that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed...." The Fourth Circuit was apparently content to conclude that the offense "was begun" in the Southern District of West Virginia. It is challenging to adopt that view of the offense in the Seventh Circuit, where "[a]ctions which are merely preparatory or prior to the crime, however, are not probative in determining venue." *United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999) (*accord Muhammad*, 502 F.3d at 653). Which is to say, Alvarado's offense "was begun" in this district only if the conduct proscribed by 18 U.S.C. § 115 started here; it is inadequate to establish venue solely based on "actions…prior to the crime." The court similarly cannot conclude that the offense was continued or completed in this district. Courts addressing similar statutes criminalizing threats have concluded that the offense is committed upon the articulation of the threat. A defendant does not have to be capable of carrying out the threat, *United States v. Fuller*, 387 F.3d 643, 648 (7th Cir. 2004) (considering a threat against the President under 18 U.S.C. § 871), and the threat does not have to be communicated to its victim, *United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) (considering a threat to utilize a weapon of mass destruction against a federal government building). Against this backdrop, the court concludes that the conduct proscribed by 18 U.S.C. § 115 does not "consist[ ] of distinct parts which have different localities," *Newsom*, 9 F.3d at 339, but instead begins and ends with the articulation of the threat. Having a view of the

offense that differs from the persuasive authority from the Fourth Circuit in *Newsom*, the court declines to apply *Newsom* in this case.

Instead, the court now endeavors to apply the venue analysis as articulated in *Muhammad*, the Seventh Circuit's most recent rigorous discussion of venue relevant to this case. There, the Seventh Circuit instructed courts to consider two factors when assessing venue: (1) "the nature of the crime alleged"; and (2) "the location of the act or acts constituting it." *Muhammad*, 502 F.3d at 652. In describing the nature of the crime alleged, the court considers the "key verbs" in the statute defining the charged offense. *Id.* at 652-53. 18 U.S.C. § 115(a)(1)(B), modified to reflect the charge against Alvarado, makes it illegal to "threaten[] to [ ] murder, a United States official, [ ]with intent to [ ]retaliate against such official [ ] on account of the performance of official duties." Identifying the verbs in this short statute is simple, as there are only three: to threaten, to murder, and to retaliate. The analysis is even simpler because a close reading reveals that the verb "to murder" modifies the verb "to threaten"[1] and the verb "to retaliate" speaks to the element of intent.[2] Thus, the key verb in the charging statute is to threaten. Turning to the second factor of the venue test, the location of those acts, it is apparent that the conduct described by the key verb occurred exclusively in the Western District of Oklahoma, and not in the Eastern District of Wisconsin. Based on this test, the court concludes that venue does not lie in this district.

---

[1] The statute also criminalizes threats to assault and to kidnap.

[2] The statute also refers to intents to impede, to intimidate, and to interfere with official duties.

Page 6 of 10

Case 2:13-cr-00060-JPS   Filed 07/22/13   Page 6 of 10   Document 47

This result comports with a Supreme Court opinion on venue applying the same two-factor test. In *United States v. Cabrales*, the Court considered the appropriate venue for a trial for money laundering. 524 U.S. 1 (1998). The laundering occurred in Florida, and the currency allegedly laundered was procured from cocaine distributors in Missouri. *Id.* at 3-4. Cabrales was indicted in Missouri, and she moved to dismiss the indictment for improper venue. *Id.* at 4. The district court granted her motion on the logic that "no activity of money laundering occurred in Missouri." *Id.* at 5 (internal punctuation omitted). The Eighth Circuit affirmed, holding that venue did not lie in Missouri because the alleged offense of money laundering "included no act committed by Cabrales in Missouri." *Id.* at 5 (internal punctuation omitted). The Supreme Court stated the question before them as: "Do those counts charge crimes begun in Missouri and completed in Florida, rendering venue proper in Missouri, or do they delineate crimes that took place wholly within Florida?" *Id.* at 8. One complicating factor of the analysis is that, to prove money laundering, the government must show that Cabrales knew she was dealing with funds from "specified unlawful activity." *Id.* Yet, the Court recognized that the indictment charged Cabrales for "transactions which began, continued, and were completed only in Florida," and, therefore, held that venue in Missouri is improper. *Id.* That is, even though the government would have to prove that Cabrales knew she was dealing with funds acquired through unlawful activity, venue is not automatically proper in the district where those funds were unlawfully acquired. The Court quoted from the Eighth Circuit opinion, explaining that the government would have to prove that the funds resulted from unlawful activity, but that the "venue of that activity is…'of no

moment.'" *Id.* at 8 (*quoting United States v. Cabrales*, 109 F.3d 471, 472 (8th. Cir. 1997). Instead, the Court's analysis boiled down to a question of the location of the defendant's conduct supporting the charge.

The analogy to Alvarado's case is obvious: even though the government will have to prove that J.H. is a federal official and that the alleged threat was intended to retaliate against J.H. for the performance of her official duties, and even though J.H.'s location of employment is the Eastern District of Wisconsin, venue does not automatically lie in this district. To borrow from the Eighth Circuit and Supreme Court, the government will be required to prove that J.H. was a federal official, but the geographic location where J.H. worked is "of no moment." Instead, the court must look to the location of the defendant's charged conduct. In this case, because none of the charged conduct occurred in this district, venue is improper.

Though the court believes the two-part test sufficient to justify the conclusion that venue does not lie in this district, the court will briefly address the "substantial contacts" approach in evaluating venue that the Seventh Circuit also appears to have endorsed in *Muhammad.* 502 F.3d at 655. Under this approach, the court considers: "the site of the defendant's acts, the elements and the nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for accurate fact-finding." *Id.* (citations omitted). The court also concludes that venue does not lie under this test. The elements of this offense are: (1) the defendant threatened to murder J.H.; (2) J.H. is a federal official; and (3) the defendant intended his words as retaliation against J.H. on account of the performance of her official duties. It is difficult to conclude that the Eastern District of Wisconsin is suitable for accurate fact-finding on these elements, given that the criminal

conduct occurred solely in Oklahoma. There was at least one witness to the alleged threat, a corrections officer from FCI-Oklahoma; any other witnesses to the conduct would have also been in Oklahoma. Further, the elements, including contacts with this district—the fact of J.H.'s status as a probation officer and the fact that J.H. performed official duties for which Alvarado may have sought retaliation—are insufficient to establish venue in this district under the logic of *Cabrales*, as explained above. Finally, the effect of the offense in this district merits further discussion. As discussed above, a conviction for the criminal conduct alleged in this case does not require a showing that the conduct had an effect in this district. This isn't to say that the alleged crime has no effect; a threat against a federal officer is a serious offense, and is rightly prohibited by several federal laws, each rightly carrying significant penalties. At the end of the day, however, all of the relevant conduct in this case occurred in Oklahoma, any witnesses to that conduct were necessarily in Oklahoma at the time of the offense, and fact-finding from this district regarding the prohibited conduct is not suitable. For these reasons, the court concludes that venue in this district is improper under the "substantial contacts" test.

Accordingly,

IT IS ORDERED that the July 3, 2013 recommendation of Magistrate Judge Nancy Joseph (Docket #38) that defendant Ramon Alvarado's motion to dismiss for lack of venue (Docket #19) be denied be and the same is hereby OVERRULED in part;

IT IS FURTHER ORDERED that defendant Ramon Alvarado's motion to dismiss for lack of venue (Docket #19) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the Indictment (Docket #3) in this case be and the same is hereby DISMISSED;

IT IS FURTHER ORDERED that defendant Ramon Alvarado's motion to dismiss on First Amendment grounds (Docket #20) be and the same is hereby DENIED as moot; and

IT IS FURTHER ORDERED that defendant Ramon Alvarado's objections to Magistrate Joseph's Orders denying *in camera* review of the grand jury charge and denying a transfer of venue be and the same are hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge